UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| APRIL LYNN MOORE,<br><br>Plaintiff,<br><br>v.<br><br>PARKVIEW REGIONAL MED CENTER, et al.,<br><br>Defendants. | CASE NO. 1:25-CV-605-HAB-ALT |

## **OPINION AND ORDER**

Pro se Plaintiff April Moore ("Moore") filed a Complaint against Parkview Regional Medical Center ("Parkview") and the Social Security Administration ("SSA") asserting—as best the Court can decipher—that her identity has been stolen by one or both entities. (ECF No. 1). Along with her Complaint, Plaintiff has filed a motion to proceed in forma pauperis (ECF No. 2) and a letter to the Court (ECF No. 3).

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement [of this case] without pre-payment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line." 28 U.S.C. § 1930(f)(1)[1]. Though this is not a Bankruptcy case, the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See*

---

[1] *See also* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2025).

*Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902.

Here, Plaintiff states she is single with no dependent children and that her sole source of income is social security. Based on the Plaintiff's representations, the Court finds that paying the filing fee would result in an inability of Plaintiff to provide for the necessities of life and thus meets the financial requirement for proceeding in forma pauperis.

Regardless of the fee payment, however, courts are also directed under 28 U.S.C. § 1915(e) to screen all complaints filed with requests to proceed IFP and to "dismiss the case at any time" if, among other things, the action is frivolous, malicious, or "fails to state a claim on which relief may be granted." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (quoting 28 U.S.C. § 1915(e)(2)). Likewise, "[c]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service." *Hoskins v. Poelstra*, 320 F.3d 761, 762 (7th Cir. 2003). And though courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). For the reasons explained below, there is a complete absence of a plausible federal claim alleged in the amended complaint and "[t]he Supreme Court has frequently said that a suit which is frivolous does not invoke the jurisdiction of the federal courts . . . ." *Crowley Cutlery Co. v. United States*, 849 F.2d 273 (7th Cir. 1988).

Moore's Complaint form fails to identify the basis of this Court's jurisdiction or list any factual matter that would give the Court an indication of the basis of her claim. Moore attaches three near-incomprehensible letters—one to Parkview, one to the SSA, and one to the Deputy Clerk of Court—which seem to suggest she believes one of these entities has somehow stolen her identity. She does not explain how or why either Defendant would be doing this, other than to say she needs the Court's help to investigate and supposedly solve this.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359 (1959)). That is the case here. Moore may genuinely believe her identity has been stolen by one or both of these entities, or that there is some fraudulent behavior occurring, but that belief is so implausible—and her unintelligible letters provide a claim so insubstantial—that it cannot be the basis of a federal claim.

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co.*, 523 U.S. at 94 ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact

3

and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). This case is DISMISSED.

## CONCLUSION

Because her claims are frivolous, Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2) is DENIED and her complaint (ECF No. 1) is DISMISSED. Accordingly, the Court will take no further action on Moore's letter. (ECF No. 3).

SO ORDERED on November 20, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4